IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PHILLIP GEMBARSKI                                                                       PLAINTIFF

v.                            Civil No. 6:14-cv-06008-RTD-BAB

RAY HOBBS, ET. AL.
                                                                                        DEFENDANT

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This is a civil rights action filed by Plaintiff Phillip Gembarski pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is Plaintiff's failure to comply with three Court Orders and failure to prosecute. After careful consideration, the Court makes the following Report and Recommendation.

**1.    BACKGROUND**

Plaintiff filed his Complaint on January 24, 2014 while incarcerated at the Arkansas Department of Correction ("ADC") Ouachita River Unit. ECF No. 1. On January 24, 2014, the Court granted Plaintiff's IFP request and advised Plaintiff he must keep the Court apprised of his current address or face dismissal of his case. ECF No. 3. On April 21, 2014 Plaintiff notified the Court he had been released from prison and provided a free world address. ECF No. 7. On

1

September 8, 2014, Plaintiff notified the Court of a new free world address, and an Order was entered to reflect the change. ECF No. 14.

On May 1, 2015 the Court entered an Order setting a Summary Judgment hearing for November 13, 2015. ECF No. 16. Notice of this Order was sent to Plaintiff and was not returned as undeliverable. On September 25, 2015 the Court entered an Order directing Plaintiff to Respond by October 19, 2015 and indicate whether he intended to appear at the Summary Judgment hearing. ECF 26. Plaintiff did not respond. The Order was not returned as undeliverable.

On October 22, 2015, the Court entered an Order to Show Cause to Plaintiff, giving him until November 10, 2015 to show cause why he failed to comply with the Court's September Order. This Order was returned as undeliverable on October 30, 2015. Research by the Court did not reveal any additional recent addresses for Plaintiff.

Plaintiff has not communicated with the Court since September 8, 2014.

**2.    APPLICABLE LAW**

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal

of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possess the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000).  The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

**3.   DISCUSSION**

Plaintiff failed to comply with three Orders from this Court. Plaintiff failed to prosecute this matter.   Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) the Court recommends Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Federal Rules of Civil Procedure and Local Rules, failure to comply with the Court's Order, and failure to prosecute this case. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

**4.   CONCLUSION**

For the foregoing reasons, I recommend Plaintiff's Complaint (Doc. 1) be **DISMISSED** without prejudice on the grounds that Plaintiff has failed to comply with the Federal Rules of Civil Procedure and Local Rules, has failed to comply with the Court's Order,  and has failed to

3

prosecute this matter.

The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 5th day of November 2015.

        /s/ Barry A. Bryant
        HON. BARRY A. BRYANT
        UNITED STATES MAGISTRATE JUDGE